IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,                         Case No. 1:12-cr-3012-JMC

v.

MARC TAPIA,

     Defendant.

## ORDER DENYING UNOPPOSED MOTION TO WITHDRAW
## AND REQUEST FOR APPOINTMENT OF COUNSEL

On July 10, 2018, Defendant's counsel filed an Unopposed Motion to Withdraw and Request for Appointment of Counsel. In that motion, Defendant's counsel requests permission to withdraw as counsel for Defendant, stating that he was retained by Defendant's family for the purposes of sentencing only and Defendant does not expect Defendant's counsel to remain as his attorney through his appeal. Defendant's attorney further states that he is a board certified criminal law specialist and a member of the bar of the United States Court of Appeals for the Tenth Circuit, but that he has no appellate experience.

The United States Supreme Court has long held that trial counsel's responsibility to represent his or her client effectively may extend to the filing of a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 473 (2000). Indeed, the Tenth Circuit has recognized this "unremarkable proposition." *Bonney v. Wilson*, 754 F.3d 872, 885 (10th Cir. 2014). At sentencing in this matter, Defendant orally notified this Court that he wished to file an appeal. Subsequently, this Court ordered trial counsel to consult with Defendant regarding his desire to appeal his sentence. This Court understands trial counsel did, in fact, consult with Defendant regarding his desire to appeal.

Counsel now requests that he be allowed to withdraw because he has no experience in representing defendants in appeals and because he has not been paid to represent Defendant on appeal. These bases for withdrawal are without merit in the instant case. Certainly, this Court will not require counsel to represent Defendant on appeal. The notice of appeal, however, is part of the trial court practice and does not amount to representing Defendant on appeal. Similarly, the filing of a notice of appeal does not require appellate expertise. The notice of appeal is a simple, rule-based document that a competent attorney—even one without appellate expertise—may prepare and file with very little effort.

Accordingly, this Court DENIES Defendant's motion to withdraw prior to filing a notice of appeal (Doc. 134). Once the notice of appeal is filed and this Court no longer retains jurisdiction, Counsel's representation of Defendant shall be deemed terminated.

IT IS SO ORDERED.

Entered for the Court
this the 26th day of July, 2018

/s/ Joel M. Carson III_____
Joel M. Carson III
United States Circuit Judge
Sitting by Designation